IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 11-00004 |
| Plaintiff, ) | |
| vs. ) | |
| TRACT 16309, LOT 213 OF PROJECT 935-45 ) LOCATED ON AP 551-111-10 TOGETHER ) WITH AN UND 1/11 INT IN LOT 213, ) ORANGE, CA CENSUS TRACT/BLOCK ) 524.17/3, A.K.A. 20 BOMBAY, IRVINE, CA, ) ) Defendant. ) | **ORDER** re Motion for Sanctions |

Pending before the court is a motion for sanctions against the Government, filed by claimants Roland Ho, Ronson Ho, and Ryan Ho (hereinafter the "Ho Children Claimants"). The Ho Children Claimants requested the court order the Government to pay them $5,000 to cover the cost of attempting to procure the discovery sought and prepare and file the Motion to Compel. ECF No. 30 at 6. The court held several evidentiary hearings on the matter,[1] during which time evidence and testimony was presented through Todd Peterson, a special agent with the Internal Revenue Service, Criminal Investigation. Upon review of the testimony adduced and evidence admitted at the hearing, and giving due consideration to the parties' argument and applicable case law, the court hereby grants in part the motion for sanctions.

**BACKGROUND**

The dispute centered around the Government's failure to timely and adequately respond to the Ho Children Claimants' discovery requests. A brief time line of the facts associated with

---

[1] Hearings were held on December 21, 2011, January 12, 2012, and February 8, 2012.

this dispute is as follows:

| Date | Event |
|---|---|
| July 14, 2011 | Claimant Roland Ho served his First Set of Interrogatories on the Government. |
| July 19, 2011 | Claimants Ronson Ho and Ryan Ho served their first Set of Interrogatories on the Government, and Claimant Ronson Ho served his First Request for Production of Documents. Razzano Decl. (ECF No. 33) and Exhibit C thereto. |
| August 18, 2011 | **Mr. Razzano wrote to Ms. Johnson inquiring when she would respond to the First set of Interrogatories.** Razzano Decl. (ECF No. 33) and Exhibit D thereto. |
| August 26, 2011 | **Mr. Razzano again wrote to Ms. Johnson inquiring about the Government's responses to all outstanding discovery requests propounded.** Razzano Decl. (ECF No. 33) and Exhibit E thereto. |
| Sept. 12, 2011 | **Mr. Razzano wrote to Ms. Johnson for the third time and asked to "meet and confer" concerning the discovery dispute and the signing of a stipulation concerning said dispute, both of which were prerequisites to the filing of a discovery motion.** Razzano Decl. (ECF No. 33) and Exhibits F and G thereto. |
| Sept. 15, 2011 | Mr. Razzano and Ms. Johnson met to discuss ongoing discovery dispute, and **Ms. Johnson agreed to produce the requested documents on September 16, 2011, at 3:00 p.m.** |
| Sept. 16, 2011 | Benjamin Huber (an associate at Mr. Razzano's law firm) went to the U.S. Attorney's Office and was told that Ms. Johnson had left two binders of documents for his review. Mr. Huber was instructed to note which pages he would like to have copied. **Upon review of the documents, Mr. Huber did not find any documents which were responsive to the Request for Production of Documents. Mr. Huber brought this to the office staff's attention, but he was told that Ms. Johnson would not be available until the following Monday, Sept. 19.** Huber Decl. (ECF No. 32) at ¶¶4, 6-9. |
| Sept. 19, 2011 | **Mr. Huber's office contacted the U.S. Attorney's Office and was told that Ms. Johnson was unavailable. A message was left for Ms. Johnson to call back Mr. Huber, but no return call was made.** Huber Decl. (ECF No. 32) at ¶¶10-11. |
| Sept. 20, 2011 | Mr. Huber wrote to Ms. Johnson about his review of the binders and his belief that said binders contained documents which were non-responsive to the discovery requests. Said letter also contained a two-and-a-half page list of documents that the claimant believed he was entitled to and had requested in his First Request for Production of Documents. Huber Decl. (ECF No. 32) and Exhibit A thereto. |
| Sept. 30, 2011 | **Ms. Johnson wrote to Mr. Huber and agreed to provide him with all the information requested with the exception of two items: the videotapes made by undercover agents of the illegal MGM poker games (which Ms. Johnson believed were irrelevant to the case) and the handwritten notes agents made during interviews** |

USA v. Tract 16309, Lot 213 of Project 935-45, etc., Civil Case No. 11-00004
Order re Motion for Sanctions
page 3 of 6

**(Ms. Johnson's position was that said notes were not discoverable if their contents were accurately reproduced in the agents' reports). Ms. Johnson stated that IRS Agent Todd Peterson was in the process of creating electronic/digital versions of all the documents requested, but the process was taking "a little longer than usual," so she hoped to have the records produced for him by the following week.** Huber Decl. (ECF No. 32) and Exhibit B thereto.

Oct. 6, 2011    **Mr. Huber again wrote to Ms. Johnson about the discovery documents he was still waiting to receive** and requested she review a proposed Local Rule 37.1 stipulation concerning the videotapes and agent notes that would accompany the filing of a motion to compel discovery.

Oct. 18, 2011    Claimants filed the instant Motion to Compel. ECF No. 30.

Oct. 20, 2011    The Government delivered one CD containing voluminous records.[2]

The Ho Children Claimants' Motion to Compel sought "an Order directing the government to permit the inspection and copying of the documents listed on the [Request for Production], that the Government respond to the Claimants' Interrogatories, and that the Government produce its pre-discovery disclosures." ECF No. 30 at 1. On December 7, 2011, the court heard argument on the Motion to Compel. The court ordered the Government to provide the discovery (*i.e.*, answers to interrogatories, the videotapes made of alleged illegal poker games being conducted at the MGM Spa, and the agents' handwritten notes of interviews) within 30 days of the hearing.

Thereafter, the court heard from the parties on the issue of whether the court should impose a sanction against the Government for its failure to to timely and adequately respond to the Ho Children Claimants' discovery requests.

## ANALYSIS

Sanctions are mandatory under Rule 37(a)(5)(A) when a motion to compel is granted. Pursuant to this rule, if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, *require the party . . . whose conduct necessitated the motion, . . . to pay* the movant's reasonable expenses incurred in making the motion, including attorney's fees."

---

[2] The Government's opposition states that it thereafter provided another two CDs with records. ECF No. 41 at 2.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, a court need not impose sanctions if the moving party filed the motion before a good faith attempt to obtain the discovery, the opposing party's conduct was substantially justified, or other circumstances make an award of sanctions unjust. Fed. R. Civ. P. 37(a)(5)(A(i)-(iii). Because the court has already granted the Ho Children Claimants' Rule 37(a) Motion to Compel, the court must next decide whether it will impose the mandatory sanctions against the Government.

Here, counsel for the Ho Children Claimants attempted in good faith to obtain the discovery prior to filing the motion. Fed. R. Civ. P. 37(a)(5)(A(i). The interrogatories and request for production of documents were served on the Government in July 2011. After repeated and failed attempts to get a timely response as detailed *supra*, counsel for the Ho Children Claimants finally filed the motion to compel in October 2011. Counsel waited patiently for over two months after the Government's responses to the discovery requests were due to bring this motion. The requested documents were in the Government's possession, and the Government did not produce them until after the Motion to Compel was filed and after this court ordered their production. Under the circumstances, counsel for the Ho Children Claimants engaged in sufficient good faith efforts to resolve this dispute without court intervention.

The court must next decide whether the Government's failure to timely provide the requested discovery was substantially justified. Fed. R. Civ. P. 37(a)(5)(A(ii). A party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also* 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2010) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

In the present case, the Government has not shown that its conduct was substantially justified. Its response to the First Request for Production of Documents was due on August 19, 2011. The Government did not meet this deadline. It is important to note that the Government did not take any proactive measure which would substantially justify their untimely response to

USA v. Tract 16309, Lot 213 of Project 935-45, etc., Civil Case No. 11-00004
Order re Motion for Sanctions
page 5 of 6

the discovery requests. The Government never sought a protective order nor an extension of time to respond to the discovery requests. On September 30, 2011, Ms. Johnson wrote to Mr. Huber and agreed to provide him with all the information requested with the exception of two items: the videotapes made by undercover agents of the illegal MGM poker games and the handwritten notes agents made during interviews. The Government believed the videotapes were irrelevant to the case, and she also believed that the agents' handwritten notes were not discoverable if their contents were accurately reproduced in the agents' reports. Unfortunately, the Government is incorrect with regard to its understanding of the civil discovery rules. The parties to a civil forfeiture proceeding are entitled to conduct civil discovery in accordance with the Federal Rules of Civil Procedure as they would in any other civil case filed in a federal court. As the United States Supreme Court stated:

> A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified. In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence. The Government contends [defendant] might use the rules of civil discovery in the forfeiture suit to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted. These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time . . . .the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over.

*Degen v. United States*, 517 U.S. 820, 825–26 (1996), citations omitted, *superceded on other grounds* at 28 U.S.C. § 2466(a). Thus, in this civil forfeiture action, the scope of discovery is not limited if the information sought is "nonprivileged" and "relevant to any party's claim or defense." Fed. R. Civ. P. 16(b)(1). The Government never asserted any claim of privilege over the videotapes or the handwritten notes. There is no "genuine dispute" over whether the videotapes are relevant to the Government's claims that Betsy Ho and others were engaged in a scheme to conduct illegal gambling. As for the handwritten notes, the court also determined that they were relevant to the Government's claims as well as the possible defenses. The notes could help establish the truth or veracity of a witness's testimony. While the Government believes that said notes need not be produced since its contents are accurately reproduced in the agents' formal reports, there is no such limitation found in the liberal civil rules of procedure. Accordingly, the

USA v. Tract 16309, Lot 213 of Project 935-45, etc., Civil Case No. 11-00004
Order re Motion for Sanctions
page 6 of 6

court concludes that the Government's objections and conduct were not substantially justified.

Finally, the court must decide whether there are other circumstance that would make a sanctions award unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Agent Peterson testified that part of the delay in producing the documents was his desire to produce the documents in some organized fashion. Agent Peterson also stated that in reviewing the boxes of documents, he wanted to exclude many financial documents[3] he deemed to be "irrelevant" to the gambling operations in general and the property in this case more specifically. He further explained that there was some delay by the forensic experts in gaining access to one of the more current QuickBooks files found in a computer seized during the search warrant execution and so he could not verify the validity of certain entries. The court appreciates the complexity of the Government's investigation into the alleged illegal gambling rings and acknowledges that the documentary evidence involved in this case is quite voluminous.[4] Because there was no evidence of bad faith on the part of the Government, and based on the sizeable quantity of documents involved in this case, the court finds that there are circumstances present that would make a full award of the sanctions requested unjust, and thus the court will only require the Government to pay half the amount requested.

**CONCLUSION**

In light of the above analysis and pursuant to Rule 37(a)(5)(A), the court orders the Government to pay a sanction of $2,500.00. Said sanction shall be paid to counsel for the Ho Children Claimants no later than 30 days from the date of this Order.

**IT SO ORDERED**.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Mar 07, 2012

---

[3] These documents included personal bank statements of people who were related to those involved in the alleged gambling operations but were not themselves part of the alleged scheme, and credit card receipts, since their accuracy were never at issue.

[4] According to Agent Peterson, he has about 16 boxes of documents associated with this investigation.